STEVEN J. ROTHANS – State Bar No. 106579
JILL WILLIAMS – State Bar No. 221793
CARPENTER, ROTHANS & DUMONT
500 S. Grand Avenue, 19th Floor
Los Angeles, CA  90071
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / jwilliams@crdlaw.com

Attorneys for Defendants,
County of Los Angeles and
Deputy Eric Espinoza

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELIA PEREZ and MARIO PEREZ, in each case individually and as successor-in-interest to Antonio Perez, deceased,<br><br>    Plaintiffs,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: CV15-9585 SJO (FFMx)<br><br>[Proposed] PROTECTIVE ORDER GOVERNING UNREDACTED LASD HOMICIDE INVESTIGATION REPORT |

IT IS HEREBY ORDERED, following stipulation of counsel, that the unredacted Homicide Investigation Report prepared by the Los Angeles County Sheriff's Department is governed by the following protective order:

## [Proposed] PROTECTIVE ORDER

1. All documents produced by the County of Los Angeles that comprise the unredacted LASD Homicide Investigation Report will be clearly designated as "CONFIDENTIAL" and be placed in an envelope labeled as such prior to the disclosure.  The "CONFIDENTIAL" designation shall be placed on the printed pages of the unredacted LASD Homicide Investigation Report in a manner that does not overwrite or make illegible the text of the document.

- 1 -

2. Each person receiving any of the unredacted LASD Homicide Investigation Report shall not disclose to any person or entity, in any manner, including orally, any of the unredacted LASD Homicide Investigation Report or any of the information contained therein, except when used for purposes of this litigation pursuant to this protective order.

3. The unredacted LASD Homicide Investigation Report and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Plaintiffs Mario Perez and Belia Perez;

(c) Defendant County of Los Angeles and its employees, including, but not limited to Deputy Eric Espinoza;

(d) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

(e) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

(f) With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the unredacted LASD Homicide Investigation Report shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the protected information. It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance

agreements.

4. To the extent any portion of the unredacted LASD Homicide Investigation Report contains an audio recording, transcript and/or summary of a statement and/or report given to the LASD by an independent witness who does not fall within one of the categories described in Paragraph 3 above, that selected portion of the unredacted LASD Homicide Investigation Report may be provided to the particular witness to which it pertains.

5. The unredacted LASD Homicide Investigation Report may be disclosed to the Court and court personnel, in connection with this litigation. Portions of the unredacted LASD Homicide Investigation Report that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use documents from unredacted LASD Homicide Investigation Report must both (a) apply to submit unredacted documents containing any portion of the unredacted LASD Homicide Investigation Report under seal and (b) file public versions of the same documents with the information from the unredacted LASD Homicide Investigation Report redacted.

6. In the event this matter proceeds to trial, to the extent that any of the unredacted LASD Homicide Investigation Report is offered into evidence, those documents will become public, unless sufficient cause is shown in advance of trial to proceed otherwise.

7. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the unredacted LASD Homicide Investigation Report or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the unredacted LASD Homicide Investigation Report or information to any persons other than counsel of

1   record, absent order of the court.

2        8.    Those attending any future deposition(s) shall be bound by this Order
3   and, therefore, shall not disclose to any person or entity, in any manner, including
4   orally, any documents from the unredacted LASD Homicide Investigation Report
5   made by such person during the course of said depositions.

6        9.    At any future deposition(s), should there be persons in attendance
7   who are not authorized to access the unredacted LASD Homicide Investigation
8   Report or information, such persons shall be removed from the deposition room at
9   any time information relating to the unredacted LASD Homicide Investigation
10   Report or protected information is disclosed or discussed.

11       10.    The unredacted LASD Homicide Investigation Report shall be used
12   solely in connection with the preparation and trial of this action, entitled <u>Belia
13   Perez, et al. v. County of Los Angeles, et al.</u>, bearing case number CV15-9585 SJO
14   (FFMx), or any related appellate proceeding, and not for any other purpose,
15   including, without limitation, any other litigation or administrative proceedings or
16   any investigation related thereto.

17       11.    This Order may not be modified unless by written consent of the
18   parties and approval of the Court.  Any party may move for a modification of this
19   Order at any time.  Upon receipt and review of the documents produced pursuant
20   to this protective order, any party may move to remove the confidential
21   designation of any document after meeting and conferring with opposing counsel
22   and pursuant to the procedures governing discovery motions set forth in Local
23   Rule 37.

24       12.    Plaintiffs cannot and do not agree that a confidential designation
25   should be properly affixed to the entirety of the LASD Homicide Investigation
26   Report, nor do Plaintiffs agree that all of the documents or the information
27   contained therein should be subject to any sealing requirement.  Plaintiffs cannot
28   properly make this assessment without first receiving and reviewing the documents

- 4 -
[~~Proposed~~] PROTECTIVE ORDER GOVERNING
UNREDACTED LASD HOMICIDE INVESTIGATION REPORT

1 at issue.

2     13.   This Order is made for the purpose of ensuring that the unredacted LASD Homicide Investigation Report will remain confidential, unless otherwise ordered by the Court or in response to a successful motion by a party made pursuant to Paragraph 11.

6     14.   At the conclusion of this litigation, upon request of defense counsel, plaintiffs' counsel shall return the unredacted LASD Homicide Investigation Report to Steven J. Rothans and/or Jill Williams at Carpenter, Rothans & Dumont, 500 S. Grand Avenue, 19th Floor, Los Angeles, California 90071. Alternatively, the receiving parties and every other person and/or entity who received originals or copies of the protected information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the receiving parties shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.

16     15.   Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## **GOOD CAUSE**

The defendants submit that GOOD CAUSE exists to enter the proposed protective order to balance the defendants' concerns that the documents consist of police reports and private information concerning the parties to this litigation, as well as individuals who are not parties to this litigation, as protected by the official information privilege, law enforcement privilege and the right to privacy, as protected by the California and United States Constitution, with plaintiffs' right to discovery in this litigation.

26 / / /

27 / / /

28 / / /

[Proposed] PROTECTIVE ORDER GOVERNING
UNREDACTED LASD HOMICIDE INVESTIGATION REPORT

1 | The parties agree that all documents marked confidential and produced
2 | pursuant to this protective order are subject to the terms of this protective unless
3 | otherwise ordered by the Court.
4 |
5 | IT IS SO ORDERED.
6 |
7 | DATED: September 26, 2016              /S/FREDERICK F. MUMM
8 |                                        Honorable Frederick F. Mumm
  |                                        United States Magistrate Judge